# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA



FILED

NOV 1 8 2010

WILLIAM B. GUTHRIE
Clerk, U.S. District Court

By_____
Deputy Clerk

RICKEY WHITE,

    Petitioner,

v.

CHOCTAW COUNTY COURT
CLERK AND DISTRICT COURT
OF CHOCTAW COUNTY,

    Respondents.

Case No. CIV 10-421-RAW

## OPINION AND ORDER

Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, has filed this petition for a writ of mandamus and prohibition. He is asking the court to require the Choctaw County District Court to conduct an evidentiary hearing in a matter he has pending in that court. The pending lawsuit apparently concerns petitioner's challenge to a search warrant.

Federal courts have no supervisory jurisdiction over state courts and are without authority to direct state courts or their officers to perform their duties. *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986). *See also Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Luikart v. Farmers' Lumber Co.*, 38 F.2d 588 (10th Cir. 1930). Therefore, this court cannot direct the Choctaw County District Court or the Choctaw County Court Clerk to conduct an evidentiary hearing in petitioner's pending case.

Although plaintiff has not paid the filing fee in this action or been granted leave to

proceed *in forma pauperis*, this court is empowered to dismiss this action pursuant to 28 U.S.C. § 1915A:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identity cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. *See also Plunk v. Givens*, 234 F.3d 1128, 1129 (10th Cir. 2000) ("§ 1915A applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee."). Here, the court finds petitioner's petition clearly is frivolous.

**ACCORDINGLY**, petitioner's motion for writ of mandamus and prohibition [Docket #1] is DENIED, and this action is DISMISSED AS FRIVOLOUS, pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS SO ORDERED** this 8th day of November 2010.

*/s/ Ronald A. White*
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**